UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RANDALL PHILLIPS,

                Plaintiff,

                                        Case No. 24-cv-1298-bhl

     v.

OCR OFFICE IN BOSTON MA et al,

                Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

On October 11, 2024, Randall Phillips, proceeding without an attorney, filed a complaint invoking the Court's federal question jurisdiction against the United States Department of Education's Office for Civil Rights (OCR). (ECF No. 1.) More specifically, Phillips names as Defendants the OCR offices in Boston, Philadelphia, Chicago, and San Francisco, as well as individuals employed by each of those offices. (*Id.* at 1–2.) On January 7, 2025, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing that the complaint fails to state a claim on which relief can be granted, or, alternatively, that the Court lacks subject-matter jurisdiction to hear Phillips's claims. (ECF Nos. 6 & 7.) Because Phillips cannot state a claim against OCR or its officers under federal law, Defendants' motion will be granted and this case dismissed with prejudice.

### ALLEGATIONS OF THE COMPLAINT

Phillips alleges that he is an "African American Mathematics genius" with established credentials in mathematics, statistics, and economics and has graduated from a "Statistician and Economist Engineer" training program at the ENSAE Paris Polytechnic Institute in France. (ECF No. 1 ¶¶2–5, 10–13.) Despite his qualifications, over the past twenty years Phillips has been "constantly denied admission" to graduate and PhD programs in Mathematics, Statistics, Economics, Finance, and Actuarial Science by prestigious universities throughout the United States. (*Id.* ¶¶6–7, 27.) Phillips attributes these denials to racism and alleges that "virtually all

[United States] universities" are systemically discriminating against black or African American candidates like him. (*Id.* ¶27.)

Since 2007, Phillips has filed more than 60 administrative complaints with OCR alleging discrimination by universities that rejected his applications, although he has not prevailed in any of these efforts. (*Id.* ¶¶1, 16.) Phillips alleges that OCR's investigators are "backing" university admissions officers in their discrimination against him and have "transformed their office into an office of support of racism against and exclusion of Blacks/African Americans like" Phillips. (*Id.*) Phillips attaches letters from OCR denying two of his recent administrative complaints against the University of Chicago and Harvard University, respectively, which OCR dismissed as "a continuation of a pattern of allegations previously filed by" Phillips. (ECF Nos. 1-11 & 1-12.)

Phillips asks the Court to provide injunctive relief ordering OCR to send his administrative complaints to the relevant university admissions officers and ask that the admissions officers respond.[1] (ECF No. 1 at 34.) Phillips also requests an opportunity to submit rebuttals to those responses, as well as additional rebuttals to any responses to his rebuttals. (*Id.*)

## ANALYSIS

Phillips's thirty-five-page complaint does not identify any specific legal claims or causes of action that would form the basis for his requests for injunctive relief. He invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 and lists a handful of federal criminal statutes, 18 U.S.C. §§ 241, 242, 245, 371, and 1001(a), (ECF No. 1 at 2), but none of these citations supplies a valid legal theory. Section 1331 is a jurisdictional statute, and, as a general rule, criminal laws cannot form the basis of a civil private action. *Chapa v. Adams*, 168 F.3d 1036, 1037–38 (7th Cir. 1999). Phillips also mentions several other federal statutes, but none of the laws he cites authorize a claim for injunctive relief against a federal agency and its officers. Defendants suggest that Phillips's complaint is best read as a challenge to OCR's decision to dismiss his administrative complaints under the Administrative Procedure Act (APA). (*See* ECF No. 7 at 2.) This seems the most plausible avenue forward, and the Court will adopt this reading and analyze the complaint under the APA.

---

[1] On January 10, 2025, Phillips filed a motion for costs and expenses incurred effectuating personal service of the summons and complaint. (ECF No. 9.) A plaintiff may recover expenses incurred in making service when a defendant fails to waive service without good cause. Fed. R. Civ. P. 4(d)(2). But waiver of service only applies to defendants served pursuant to Rule 4(e), (f), or (h). Fed. R. Civ. P. 4(d)(1). The United States and its Agencies, Corporations, Officers, or Employees must be served pursuant to Rule 4(i), which does not provide for waiver of service. Accordingly, the Court will deny Phillips's motion.

The APA permits an individual alleging injury due to the action or inaction of a federal agency to seek equitable relief, including an injunction.  *See* 5 U.S.C. § 702.  But the APA only permits judicial review where authorized by statute or where no other adequate remedy is available.  § 704.  And the Court may not review agency action that "is committed to agency discretion by law."  § 701(a)(2).

Defendants argue that Phillips cannot state a claim under the APA because he has an adequate alternative remedy—suing the allegedly discriminating schools directly.  (ECF No. 7 at 8–10.)  Defendants also contend that judicial review is foreclosed because OCR's decision not to pursue Phillips's discrimination claims was discretionary.  (*Id.* at 10–11.)  Defendants are correct on both counts.  In *Bochra v. Department of Education*, a student at Florida Coastal School of Law sued the Department of Education under the APA after it rejected his request to investigate his school for discrimination.  Nos. 22-2903 & 23-1388, 2024 WL 808061, at *1 (7th Cir. Feb. 27, 2024).  The Seventh Circuit concluded that the plaintiff had no claim under the APA because he could seek an alternative remedy by suing the school directly under Title VI of the Civil Rights Act of 1964.  *Id.* at *2 (citing *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990)).  The Court of Appeals also concluded that the plaintiff could not state a claim under the APA because "courts may not review non-prosecution decisions that by statute are committed to the agency's discretion."  *Id.* (citing *Heckler v. Chaney*, 470 U.S. 821, 837–38 (1985)); (*see also* ECF No. 7 at 2–4, 10–11 (explaining OCR's discretionary review of administrative complaints).)

Phillips's claims fail for the reasons explained in *Bochra*.  If Phillips believes that Harvard University, or any other universities receiving federal funds, discriminated against him based on his race, he may pursue a Title VI claim against those universities.  He is not, however, entitled to judicial review of OCR's discretionary decision not to pursue his administrative complaints of discrimination.  *See Salvador v. Bennett*, 800 F.2d 97, 99 (7th Cir. 1986) ("[A] complainant told that the agency will do nothing . . . may get 'review' not by suing the adjudicator but by pursuing the supposed offender.").  Because he has another avenue to pursue his discrimination complaints and is challenging OCR's discretionary decision, he cannot pursue relief against OCR under the APA.

Phillips insists he is "not asking the Court to review OCR's decisions dismissing [his] charges" or challenging OCR's decision not to investigate his discrimination complaints.  (ECF No. 10 at 1–2.)  Instead, he argues he is merely requesting "an injunction to let the universities

respond to [his] . . . discrimination charges." (*Id.* at 2.)  Phillips cannot avoid the lack of a cognizable legal claim by shifting focus to his requested remedy.  Judicial review of OCR's processing of his administrative complaints is unavailable, and, accordingly, the Court has no authority to force OCR to act as an intermediary between Phillips and the universities he accuses of discrimination.

In his response brief, Phillips invokes the Age Discrimination Act, 42 U.S.C. §§ 6101–07. (ECF No. 10 at 3.)  But this does not help him either.  As an initial matter, he has not pleaded an ADA claim—his complaint makes no mention of the ADA or age discrimination.  Indeed, Phillips's complaint does not even mention his age.  Nothing in the complaint plausibly suggests that he was discriminated against due to his age.  (*See generally* ECF No. 1.)

Defendants' motion to dismiss invokes both Rule 12(b)(1) and Rule 12(b)(6).  "[B]ecause this case arises under federal law if under any, 28 U.S.C. § 1331 supplies jurisdiction if there is a basis for relief."  *Salvador*, 800 F.2d at 98.  Accordingly, the Court will grant Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6).  Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile.  *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)).  Because judicial review of OCR's handling of Phillips's administrative complaints is unavailable as a matter of law, dismissal with prejudice is appropriate.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED** and this matter is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Phillips's Motion for Order for Defendants to Pay Costs for Service, ECF No. 9, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge